10-41539

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:  Russell Calvin Matthews and    )    Case No.
        Ruby LeeAnn Matthews

## CHAPTER 13 PLAN

DEBTOR:  Russell Matthews    SSN xxx-xx-0266
         Ruby Matthews       SSN xxx-xx-0931
         4723 S.W. 23rd Street
         Topeka, KS 66614

Debtor(s) propose:

**1. PLAN PAYMENT**: $435  Monthly for the life of plan.

The Plan Payment shall be made by:   Employer pay order directed to
            Southwest Publishing Corporation
            2600 N.W. Topeka Blvd
            Topeka, KS 66617

\*  Please note that if Debtor is employed and is required to make mortgage payments through the Chapter 13 Trustee pursuant to Standing Order 08-1, Debtor is required to make Plan payments via an income withholding order.

\*\*  Debtor is required to make the first plan payment within 30 days of the date of filing of the bankruptcy petition.  If Debtor has requested that plan payments be made via income withholding order but such funds have not been withheld at that time, Debtor shall make all interim plan payments directly to the Chapter 13 Trustee.

**2. GENERAL PROVISIONS**: Based upon Debtor's Official Bankruptcy Form 22C, the Applicable Commitment Period for this Plan is 36 months.  The net result from Form 22C is ZERO, which multiplied by the ACP (36 = ZERO.  Debtor reserves the right to extend the Plan length up to 60 months.  The amount proposed to be paid through this Plan for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.

**IT IS NOT ANTICIPATED THAT THERE WILL BE FUNDS PAID TO GENERAL UNSECURED CREDITORS THROUGH THIS PLAN.**

**3. ADMINISTRATIVE:**   Proposed pre-confirmation debtor's attorney fees are $3100.  The Debtor has paid $406.00 direct to the attorney.  $2694 will be paid to the

1

attorney over approximately 12 months, to the extent possible. Debtor has proposed equal monthly installments to be paid to certain creditors. Once the attorney fees are paid, those funds that were designated for attorney fees will be paid pro rata to secured creditors, in addition to the proposed fixed monthly payment. The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by him. Counsel for Debtor reserves the right to submit additional fee applications, either on a time and charges basis or for specific tasks. The Debtor consents to such increases in plan payments as may be necessary to pay such additional payments.

Trustee will retain $300 from the final payments toward attorney fees to cover the closing costs to be paid to the attorney upon the filing of the closing documents at the conclusion of the case.

4. **FILING FEE:** The filing fee has been paid.

5. **FINANCIAL MANAGEMENT COURSE FEES**: Financial Management Course fees will be paid direct by the Debtor to the credit counseling agency.

**6. TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY.** Debtor will immediately pay over to the Trustee the tax refund upon receipt. The Trustee will remit to the Debtor any portion of the refund that Debtor is entitled to retain. The Trustee will honor any proper assignment of the tax refund to Debtor's attorney and promptly remit such funds to Debtor's attorney. The Trustee will not retain a trustee's fee on amounts of the refund remitted to Debtor or to Debtor's counsel pursuant to the tax assignment.

**7. TAX RETURNS**: All required Federal and state tax returns for the preceding four (4) years (choose one)  have been filed . Debtor will timely file all tax returns during the pendency of this case.

**8. DOMESTIC SUPPORT OBLIGATIONS:** The Debtor does not owe a domestic support obligation.

9. **PRIORITY TAX CLAIMS**: NONE

**10. PROPERTY TO BE SURRENDERED**: The following property will be surrendered as indicated:

Property:                               Creditor with secured claim in the property:
NONE
Any Creditor seeking to repossess / foreclose the collateral described in this section prior to confirmation must seek and obtain an order from the Court granting relief from the automatic stay, unless the automatic stay no longer applies under 11 U.S.C. 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the Creditor need not file a motion to lift stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to lift

any applicable co-Debtor stay or to abrogate Debtor's state law contractual rights. Unless specifically otherwise indicated, Creditors with a security interest in collateral to be surrendered shall be allowed to file a general unsecured deficiency claim.

**11. REAL ESTATE MORTGAGES:** Debtor is current on the following real estate mortgage obligations and shall continue to make ongoing payments direct to the real estate mortgage creditor. In the event Debtor becomes delinquent on such obligations after the bankruptcy petition date, Debtor shall make future ongoing payments through the Plan pursuant to Standing Order 08-1 and comply with all provisions thereof.

| REAL PROPERTY CREDITOR | MO. PYMT AMT. | EST. ARREARS | EST. TOTAL DEBT |
|---|---|---|---|
| US Bank Home Mortgage | $497.00 | Current | $53,019 |

Unless specifically controverted herein or by an objection to the claim, the amounts contained in the real property creditor's allowed Proof of Claim shall control, and the amounts listed here are estimates. No disbursements shall be made until a Proof of Claim is filed.

Interest shall NOT be paid on the pre-petition arrearage. Absent timely objection, the real property creditor shall be bound by the foregoing interest rate. Pre-petition arrearages shall be paid pro rata with other secured creditors unless otherwise indicated.

If Debtor has made all payments required under the Chapter 13 Plan, the Chapter 13 Trustee shall file a motion seeking an order of the Court determining that all pre-petition and/or post-petition defaults on Debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of plan completion are current, with no arrearage, no escrow balance, late charges, costs or attorney fees owing, except to the extent that the Court orders otherwise.

**12. NON-REAL ESTATE SECURED CREDITORS:** All non-real estate secured creditors shall retain their liens pursuant to 11 U.S.C. 1325(a)(5) and shall release their liens on the collateral at discharge.

All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). A Proof of Claim must be on file before adequate protection payments will be disbursed. Any adequate protection payments made pre confirmation shall be credited against the allowed principal secured portion of the creditor's claim. If no adequate protection payment is specified, Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make monthly payments under the Plan, and for the Trustee to disburse as soon as is practicable. If confirmation is delayed, Debtor will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed when appropriate.

The proposed monthly payments are estimates. The amounts may be adjusted up or down by the Trustee, in his discretion, as is necessary to make the plan feasible and to pay the secured creditors as required. Debtor reserves the right to increase payments to the secured creditors beyond the estimated equal monthly payment amount, as Debtor may be willing and able to pay. For vehicles, please specify the make, model, year, mileage and condition and the method used for determining value. The following subsections (A, B, and C) address non-real estate mortgage secured creditors:

**13. GENERAL SECURED CREDITORS:** The following are general secured creditors and shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount / "Till" rate (Prime plus 1.5%). The Plan shall determine the value of the collateral.

| CREDITOR | COLLATERAL | TOTAL DEBT | VALUE | EST PMT | ADEQUATE PROTECTION |
|---|---|---|---|---|---|
| Fidelity State Bank | 2008 Dodge | $17,506 | $16,500 | $200.00 | |

**14. 910 CAR LOAN SECURED CREDITORS:** The following are "910" creditors as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition. Debtor proposes to pay the following 910 Creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.     NONE

**15. ONE-YEAR LOAN CREDITORS**: The following are "one-year loan" creditors, as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in personal property, other than a motor vehicle acquired for the personal use of the Debtor, for debts incurred within one-year preceding the filing of the bankruptcy petition. Debtor proposes to pay the following "one-year loan" creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.
                    NONE

**16. LIEN AVOIDANCES**: Debtor will seek to avoid the following liens under 11 U.S.C. 522(f) by the filing of an appropriate motion:     **NONE**

**17. SPECIAL CLASS CREDITORS**: Special Class Creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by Form 22C or the liquidated value of the estate per the "Best Interests of Creditors Test".

**18. STUDENT LOAN OBLIGATIONS**: The student loan creditor shall share, pro rata, with other general unsecured creditors. Debtor is aware that interest will continue to accrue post-petition. Further, Debtor is aware that any amount not paid on the student

loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of the debt and prevails on the merits.

**19. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made by the Debtor direct to the creditor, unless otherwise specified.

**20. PLAN AMENDMENTS**: Debtor hereby reserves the right to modify this Plan pursuant to 11 U.S.C. 1329 and to include post-petition debt pursuant to 11 U.S.C. 1322(b)(6).

**21. GENERAL UNSECURED CREDITORS:** General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form 22C or through the satisfaction of the "Best Interests of Creditors Test" pursuant to 11 U.S.C. 1325(a)(4), whichever is higher.

**22. "BEST INTERESTS OF CREDITORS TEST":** Pursuant to 11 U.S.C. 1325(a)(4), the liquidation value of Debtor's nonexempt property is $100. (Employee Stock less than 5 shares.) This amount is included in the monthly Plan payment Debtor proposes above in Paragraph 1.

**23. PROPERTY OF THE ESTATE**: In addition to the property specified in 11 U.S.C. 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

**24. EFFECT OF CONFIRMATION: ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.** If a creditor files a secured claim that is not provided for in the Plan, the claim shall be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties. All property of the estate will revest in the Debtor(s) at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. 1322(b)(9). **ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

> Confirmation of the Plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. 1322 and 1325, and that Debtor shave fulfilled all of their pre-confirmation obligations under 11 U.S.C. 521.

10-41539

**25. MISCELLANEOUS PROVISIONS:**

If applicable, provisions F, G, and H will not apply to Commerce Bank and Trust and Fidelity State Bank.

A. <u>Binding Arbitration</u>. The plan filed by the debtor(s) specifically rejects, avoids, cancels and otherwise released the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute or regulation, are invalid, void and otherwise unenforceable as to the debtors (s) or the Chapter 13 Trustee.

B. <u>Consumer Claims Not Waived</u>. Confirmation of this plan shall constitute a finding the debtor(s) do not waive, release, or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Kansas Consumer Protection Act violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedures, or by the local rules of this Court.

C. <u>Debtor's Standing.</u> Confirmation of this plan shall vest in the debtor(s) or the Chapter 13 Trustee full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recovery pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

D. <u>Credit Life Insurance.</u> This plan shall constitute a rejection by the debtor(s) and therefore a termination and cancellation, effective on the date this case was filed, of any form of Credit Life Insurance, Credit Accident Insurance, Credit Health

        Insurance, Credit Property Insurance, GAP Insurance or any obligation to pay any type of fee, charge, expense, gonus service charge, or expenses related thereto with any creditor duly listed in Schedules D, E, F, G, and H, or any amendments thereto, filed with this petition.  Confirmation of this plan shall also constitute the entry of an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premiums or charges on such insurance to their allowed secured claims, if any, under this plan and to file an amended proof of claim with the trustee to immediately turnover any excess rebates or refunds to the trustee for distribution under the plan.

E.    <u>Extended Service Agreements.</u>  Unless otherwise provided for within the plan, this plan shall constitute a rejection by the debtor(s) and therefore a termination and a cancellation, effective on the date this case was filed, of any and all contracts or obligations of the debtor(s) for any form of Service Repair Contracts, Extended Warranty Contracts, or any service, warranty or repair contracts of any nature whatsoever with any creditor duly listed in Schedules D, E, F, G and H, or any amendments thereto.  Confirmation of this plan shall also constitute the entry of an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premium or charges on such contracts first to the creditors allowed secured claims, if any, and to then file an amended Proof of Claim and immediately turnover any excess rebates or refunds to the Trustee for distribution under the plan.

F.    <u>Waiver of Jurisdiction.</u>  Confirmation of this plan shall constitute a waiver by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, of the right to have final orders in non-core matters entered only after de novo review in any proceeding so triable in this Federal District Court withdraw the reference in any matter subject ot mandatory or discretionary withdrawal.

G.    <u>Consent to Jurisdiction.</u>  Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by Section 157(c)(2) of Title 28 of the United States Code.

H.    <u>Deficiency Claims after Stay Relief.</u>  Any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or other operation of the plan, will receive no further distribution from the trustee, other than funds accruing to such creditor, which are in the possession of the trustee at the time said property is removed from the protection of the automatic stay.  This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.  Any

deficiency claims will be allowed as a general unsecured claims and not as a secured claim or non-dischargeable post petition claims, and will be discharged as other unsecured creditors under this plan.

I.  <u>Post-petition Debt.</u>  Debtor(s) have not provided for the payment of post-petition debt in this plan.  However, Debtor(s) reserve(s) the right to modify this plan to pay post-petition debt pursuant to 11 U.S.C. 1322(b)(6).


Dated: August 27, 2010                     Debtor: <u>s/Russel Calvin Matthews</u>

                                                          Debtor: <u>s/Ruby LeeAnn Matthews</u>


<u>s/Kerry M. Gasper</u>
Attorney for Debtor(s)